UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CURT LOWDER,<br>TATE HAMM,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN HANEY,<br><br>Defendant. | ) | No. 1:26-cv-00366-JRO-CSW |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiffs Curt Lowder and Tate Hamm are currently incarcerated. They filed this civil action about the mental health care they received at the Mental Health Unit ("MHU") at New Castle Correctional Facility ("New Castle"). Because the plaintiffs are "prisoners," this Court must screen the amended complaint before service on the defendant. 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE AMENDED COMPLAINT

The factual allegations in the amended complaint are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Plaintiffs sue Dr. Morgan Haney, the lead psychologist of New Castle's MHU, in her individual and official capacities. Dkt. 23 at 2.

Plaintiffs allege as follows. Dr. Haney, as lead psychologist, does not follow the terms of the "IDOC-IPAS" agreement. *Id.* at 2–3. Plaintiffs receive only an average of four hours of group therapy each week, and Dr. Haney allows the behavioral health professionals to provide no group therapy every Thursday. *Id.* at 3, 5. Plaintiffs were kept in their cells between 22 and 24 hours each day for months. *Id.* at 7. Dr. Haney knew that she was causing Plaintiffs emotional distress and a breakdown of mental health stability. *Id.* at 6. Dr. Haney took no actions to try to restore Plaintiffs' mental stability. *Id.* at 7.

Lowder was in the MHU for 16 months, during which time "he suffered from more severe PTSD Trauma" from his confinement in the MHU under Dr. Haney's care, and he developed major depressive disorder with psychotic features from being confined so much in his cell. *Id.* at 7–8. After Lowder filed

grievances about his deteriorating mental health, Lowder received demotions, lost privileges, and was subjected at different times to cells with no light and with constant light. *Id.* at 8. Dr. Haney knew that the treatment conditions in the MHU caused Mr. Lowder's decreased mental stability but did nothing about it. *Id.*

Hamm was in the MHU for two-and-a-half years. *Id.* at 11. Beginning in 2025, his mental health deteriorated due to the limited group therapy hours. *Id.* Hamm made multiple suicide attempts and was subjected to pepper spray and multiple forceable cell extractions due to his psychotic episodes. *Id.* Dr. Haney was aware of Hamm's condition but disregarded it. *Id.*

Plaintiffs seek declaratory judgment, compensatory damages, and punitive damages. *Id.* at 12–13.

## III. DISCUSSION OF CLAIMS

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, the IDOC-IPAS Agreement is no longer binding and, regardless, does not set the constitutional floor for an Eighth Amendment claim. *See Scott v. Hinshaw*, 2025 WL 4262804 (7th Cir. Sept. 23, 2024) (unpublished) at *2, n.1 (noting 2023 expiration of IDOC-IPAS Agreement) and *4 ("The Eighth Amendment standard is not set by state law, prison policies, or the IPAS agreement.") (citing *Rasho v. Jeffreys*, 22 F.4th 703, 711, 713 (7th Cir. 2022)). All claims based on violations of the IDOC-IPAS agreement are **dismissed**.

Second, though Plaintiffs allege that retaliatory actions were taken against Lowder after he filed grievances, Plaintiffs do not allege that Dr. Haney bears responsibility for that retaliation. Accordingly, all retaliation claims are **dismissed**. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (explaining that liability under § 1983 is based on personal responsibility and individuals can only be held liable for their own actions).

This case shall proceed on individual and official capacity claims against lead psychologist Dr. Haney for deliberate indifference to Lowder's and Hamm's serious medical needs.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 16, 2026,** in which to file a motion to reconsider the screening order.

**IV. CONCLUSION AND SERVICE OF PROCESS**

The following claims are proceeding in this action: Eighth Amendment deliberate indifference claims against Dr. Haney as to both Plaintiffs. All other claims have been dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Dr. Morgan Haney in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on July 30, 2026, dkt. [23], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendant Dr. Morgan Haney is identified as an employee of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed *ex parte*.

The **clerk is directed** to serve the Centurion employee electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/19/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

CURT LOWDER
972067
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

TATE HAMM
296387
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic service to Centurion
Dr. Morgan Haney